E. A. WRIGHT v. THE STATE.

No. 2098. Decided November 1, 1899.

1. **Indictment—Pool Table—Occupation Tax.**

An indictment for keeping a pool table without paying the occupation tax (as prescribed by Revised Statutes, page 1016), which follows the statute, is good, though it does not use the term "occupation" in the outset.

2. **Occupation Tax on Pool Table Not Run for Profit.**

The Legislature had a perfect right to levy an occupation tax on a pool table run in connection with a drinking saloon, regardless of any profit or payment whatever to the owner of such table; and where the table is kept in a drinking saloon, the statute (Revised Statutes, page 1016) requires the tax to be paid regardless of any profit.

APPEAL from the County Court of Wood. Tried below before Hon. D. W. CROW, County Judge.

Appeal from a conviction for pursuing the occupation of keeping a pool table to be used in connection with a drinking saloon, without paying the occupation tax and obtaining a license therefor; penalty, a fine of $30. No statement necessary.

*M. D. Carlock*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of pursuing an occupation without paying the tax thereon, and his punishment assessed at a fine of $30, and he appeals.

The contention of appellant that the indictment is not sufficient in form is not well taken. While the indictment does not use the term "occupation" at the outset, it follows the statute. The chapter is entitled, "Of the Levy of Taxes and the Payment of Occupation Taxes;" and we quote the particular section under which the tax was levied in this case, as follows: "From every billiard, bagatelle, pigeon-hole, devil-among-the-tailors, or Jenny Lind table, and pool table, or anything of the kind, used for profit, twenty dollars; and any such table used in connection with any drinking saloon or other place of business where intoxicating liquors, cigars, or other things of value are sold or given away, or upon which any money or any other thing of value is paid, shall be regarded as used for profit." Rev. Stats., p. 1016. Appellant contends that the keeping of such table for the purpose of gaming or betting is a violation of law, and that consequently the levying of an occupation tax thereon would be without authority, and cites us to Reeves v. State, 12 Texas Criminal Appeals, 199, and Parker v. State, 13 Texas Criminal Appeals, 213. We do not understand these cases to apply. The facts, as they appear from the record, show that the pool table in question was not kept for the purpose of gaming, and that no bets were made thereon, and nothing was charged for the use of the same. But the proof does show that the pool table in question

was run in connection with the saloon, where intoxicating liquors were sold. We understand the law levying the occupation tax to make the levy on just such a table as is described in this record; that is, on any pool table run for profit, or on any pool table used in connection with any drinking saloon or other place of business where intoxicating liquors, etc., are sold or given away. In Rutherford v. State, 39 Texas Criminal Reports, 137, we held that the occupation tax levied on tenpin alleys repealed the law making the keeping of a tenpin alley an offense. That question is not raised here. The simple question is whether or not the levying of an occupation tax is authorized by law, and is not whether this occupation tax repeals a criminal statute. However, the record here does not show that, in keeping the pool table, in connection with the saloon, any criminal statute was violated; and we hold that the Legislature had a perfect right to levy an occupation tax on a pool table run in connection with a saloon, regardless of any profit or payment whatever to the owner of such table. Appellant insists that he would have the right to keep the pool table for the amusement of himself and friends, where no profits were made, without the payment of the tax. Unquestionably he would have this right, at some other place than at some place where he was required to pay an occupation tax. The statute is clear in its terms, and requires the tax to be paid, regardless of any profit, where the pool table is kept in a saloon. There being no error in the record, the judgment is affirmed.

*Affirmed.*